**STATE of Missouri, Respondent,**

v.

**Kevin LAWRENCE, Appellant.**

**No. 61408.**

Supreme Court of Missouri,
Division No. 2.

Sept. 9, 1980.

Opinion Modified on Court's Own Motion
on Denial of Rehearing Oct. 15, 1980.

Peter Stragand, Asst. Public Defender, St. Louis, for appellant.

John Aschcroft, Atty. Gen., Jan Bond, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner:

Kevin Lawrence was charged by indictment in two counts with, and found guilty by a jury of, first degree murder (committed in the perpetration of robbery) and robbery in the first degree. He was sentenced to consecutive terms of life imprisonment for murder and ten years imprisonment for robbery.

Appellant does not challenge the sufficiency of the evidence. A jury reasonably could find from the evidence introduced by the State that on September 20, 1978 appellant obtained a gun and told his girlfriend that they were going to rob someone. Appellant and his girlfriend then walked to Vandeventer Avenue where he approached Ada Akers, shot her in the head inflicting a mortal wound, grabbed her purse and ran.

The trial court submitted one instruction only involving the homicide charge which followed MAI–CR2d 15.12 as modified by MAI–CR2d 2.12. It submitted that if the jury found that appellant, acting with another, caused the death of Ada Akers by shooting her, and that he, acting with another, did so in robbing or attempting to rob Ada Akers, then the jury should find appellant guilty of murder in the first degree.

At the time of the trial of this case, Note on Use 3(e) to MAI–CR2d 15.00 was in effect, and which provided as follows:

"Subject to a–c above [not here important], if murder in the first degree is the highest homicide submitted, the court must give the following instruction:

"MAI–CR 15.18 on conventional manslaughter."

In his first point appellant states that prejudicial error resulted from the failure of the court to instruct the jury "as to the lesser included offense of conventional manslaughter," and the jury was thereby prevented from "deciding the presence or absence of the mental elements constituting the various types of homicide."

■ The State argues that the requirement set forth in Note on Use 3(e) to MAI–CR2d 15.00 should not be controlling in this case. It is asserted that in the usual homicide case, the jurors first decide whether the defendant killed the victim, and if they decide that he did, they then determine the defendant's state of mind, and in such a situation "instructing down" is appropriate. But, the State argues that "where all the evidence in the case necessarily defines a specific degree of homicide, and only that degree of homicide, and the sole question properly left for the jury to decide is whether the defendant, as opposed to someone else, committed the act, * * * instructing on conventional manslaughter is an exercise in futility and should be considered error." This argument assumes that a jury is required to believe the evidence of defendant's guilt when there is no evidence to the contrary. But, it has long been the rule that a jury need not believe testimony even when uncontradicted. *State v. Helpley,* 279 S.W. 701 (Mo. 1926). In this case the jury could believe that appellant committed the homicide, and it could also believe that the homicide was committed while appellant was committing robbery, but it was not required to do so. This argument of the State is primarily directed to the wisdom of the requirement of Note on Use 3(e) supra, but we do not consider that to now be a viable issue.

Relying primarily on *State v. Handley*, 585 S.W.2d 458 (Mo. banc 1979), the State further argues that when a conventional manslaughter instruction is given, "before the jury may consider whether the defendant is guilty of manslaughter the jurors must first acquit him of the higher degree of homicide," and in a case where such an acquittal on the higher degree "necessarily breaks the connection between defendant and the crime, a conviction for manslaughter cannot be upheld and thus should not be an option for the jury."

In the *Handley* case an alleged accomplice in a bank robbery was charged with first degree (felony–murder), in that he aided and abetted the robbery. He was found not guilty of first–degree murder, but found guilty of second degree murder. It was held that second degree murder was not an included offense of first degree (felony–murder), and that when the jury found him not guilty of first degree murder it "necessarily did not believe * * * that defendant aided and encouraged the attempted robbery" and for that reason he could not be found guilty of manslaughter because "the jury's rejection of the necessary underlying facts proving aiding and abetting by its acquittal on first degree (felony) murder * * * precludes conviction of a crime which would require the acceptance of these facts."

 The rule of the *Handley* case does not control this case. If the jury had acquitted appellant of first degree murder it would have meant that the jury did not believe appellant committed the homicide, *or* it did not believe that at the time of the homicide appellant was engaged in the commission of a robbery, an issue that was subject of a converse instruction. A finding that appellant was not engaged in a robbery at the time of the homicide would not necessarily have meant that the jury did not believe that appellant did not commit the homicide. If an instruction on conventional manslaughter had been given, then if the jury believed he was not engaged in a robbery at the time he committed the homicide it could have considered whether he was guilty of manslaughter. This is not the situation, as in the *Handley* case where an acquittal of first degree murder would have precluded a conviction of manslaughter. In this case a conviction of manslaughter would not necessarily have required the acceptance of facts which had been rejected by the jury. Therefore, appellant was entitled to an instruction on manslaughter, and the giving of such instruction was mandated by Note on Use 3(e) to MAI–CR2d 15.00. See *State v. King*, 577 S.W.2d 621 (Mo. banc 1979).

In the event of further prosecution, as to the separate charge of robbery, which also constituted the underlying felony for the first degree murder charge, the State may be guided by the principles announced in *State v. Olds*, 603 S.W.2d 501 (Mo. banc 1980).

The judgment is reversed and the cause remanded.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

All of the Judges concur.